United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>           Plaintiff,<br><br>    v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 98.45.253.55,<br><br>           Defendant. | Case No. 23-cv-05488-VKD<br><br>**ORDER DENYING DOE DEFENDANT'S MOTION TO QUASH SUBPOENA**<br><br>Re: Dkt. No. 10 |

## I.   BACKGROUND

Plaintiff Strike 3 Holdings, LLC ("Strike 3") filed this action for copyright infringement against defendant John Doe, identified only by the IP address 98.45.253.55, as Doe's real name is unknown to Strike 3. Dkt. No. 1. According to the complaint, Strike 3 is the owner of adult-content movies that it distributes through its websites. *Id*. ¶¶ 2-3. Strike 3 alleges that Doe used the BitTorrent protocol to download and distribute Strike 3's movies to others in violation of Strike 3's copyrights in the material. *Id*. ¶¶ 4, 18-45. Strike 3 further alleges that Doe has infringed Strike 3's copyrights in 76 movies over an extended period of time. *Id*. ¶ 4; *see also id*. Ex. A.

Strike 3 subsequently obtained, on an *ex parte* basis, an order of this Court authorizing service of a subpoena on Comcast Cable ("Comcast"), Doe's internet service provider ("ISP"), seeking the name and address of the subscriber associated with the IP address. Dkt. No. 9. Doe now moves to quash the subpoena Strike 3 served on Comcast. Strike 3 opposes the motion. The matter was deemed submitted on the papers without oral argument. *See* Dkt. No. 17; *see also* Civil L.R. 7-1(b). Upon consideration of the moving and responding papers, the Court denies

1   Doe's motion to quash.

## II.   LEGAL STANDARD

Rule 45 governs discovery of non-parties by subpoena. The scope of discovery through a Rule 45 subpoena is the same as the scope of discovery permitted under Rule 26(b). *Beaver Cnty. Employers Ret. Fund v. Tile Shop Holdings, Inc.*, No. 3:16-mc-80062-JSC, 2016 WL 3162218, at *2 (N.D. Cal. June 7, 2016) (citing Fed. R. Civ. P. 45 advisory comm.'s note (1970); Fed. R. Civ. P. 34(a)). Rule 26 permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The Court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Rule 45 further provides that "the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

Generally, "a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some *personal right or privilege* with regard to the documents sought." *Drummond Co., Inc. v. Collingsworth*, Nos. 13-mc-80169-JST (JCS)/13-mc-80171-JST (JCS), 2013 WL 6074157, at *15 (N.D. Cal. Nov. 18, 2013) (quoting 9A Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. § 2459 (3d ed. 2008)). If good cause is shown, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery."

2

Fed. R. Civ. P. 26(c)(1)(A).  The moving party bears the burden of persuasion on a motion to quash, but the party issuing the subpoena must demonstrate that the discovery is relevant.  *See Chevron Corp. v. Donziger*, No. 3:12-mc-80237-CRB, 2013 WL 4536808, at *4 (N.D. Cal. Aug. 22, 2013) (citation omitted); *see also Optimize Tech. Solutions, LLC v. Staples, Inc.*, No. 5:14-mc-80095-LHK, 2014 WL 1477651, at *2 (N.D. Cal. Apr. 14, 2014).

### III. DISCUSSION

Preliminarily, the Court observes that Doe does not refute Strike 3's assertions that defense counsel failed to confer at all prior to filing the present motion to quash.[1]  The Court expects parties to confer with one another in a good faith effort to resolve disputes before filing a motion.  This requirement is essential to conserving the limited time and resources of the Court and the parties by obviating the filing of unnecessary motions.  *See Raifman v. Wachovia Sec., LLC*, No. C11-02885 SBA, 2013 WL 949255, at *1 (N.D. Cal., Mar.11, 2013) ("The purpose of the [meet and confer] requirement is to encourage settlement, resolve disputes which need not involve the Court, and avoid unnecessary litigation, thus saving the parties', the Court's, and the taxpayers' limited time, money, and resources.") (internal quotations and citation omitted).  Indeed, Strike 3 says that had defense counsel conferred beforehand, Strike 3's counsel may have been able to resolve some or all of the various issues presented in Doe's motion to quash.  Doe and his counsel are advised that in the future, the Court will not entertain a motion unless counsel have previously conferred for the purpose of attempting to resolve all disputed issues.

The Court has nonetheless considered Doe's arguments in support of his motion to quash and finds them without merit.  Doe principally contends that Strike 3's subpoena violates his right to privacy under the "Cable Privacy Act" and that this lawsuit is a "tactic" meant to "embarrass, harass and annoy" him.  *See* Dkt. No. 10 at ECF 4.  However, as Doe acknowledges, in the Court's order authorizing Strike 3 to subpoena Comcast, the Court specifically prohibited Strike 3 from publicly revealing the subscriber's personal identifying information, absent the subscriber's consent or leave of the Court.  Dkt. No. 9 at 2.  Doe's privacy concerns have therefore already

---

[1] Although Doe could have filed a reply, *see* Civil L.R. 7-3, he did not do so.

1  been addressed.  While Doe notes that he did not have an opportunity to contest Strike 3's *ex parte*
2  application for leave to subpoena Comcast, he also acknowledges that an ISP may disclose the
3  requested personally identifying information where the disclosure is made pursuant to a court
4  order and the ISP provides him with notice of the order, which is what has happened here.  *See*
5  Dkt. No. 10 at ECF 2, 3; 47 U.S.C. § 551(c)(2)(B); *see also generally Strike 3 Holdings, LLC v.*
6  *Doe*, No. 21-3022-KSM, 2021 WL 3022449, at *3 (E.D. Pa. July 15, 2021) (observing "the
7  unavoidable *ex parte* nature" of Strike 3's request for leave to subpoena Doe's ISP).

   Doe also argues that the Court should quash the subpoena because Strike 3's complaint
does not sufficiently state a claim for relief, including details regarding how Strike 3 came to own
the subject movies, or the titles of the allegedly infringed movies.  Dkt. No. 10 at 3.  To the extent
Doe invokes *Cobbler Nevada LLC v. Gonzalez*, 901 F.3d 1142 (9th Cir. 2018) for the proposition
that Strike 3's subpoena must be quashed, his arguments are misplaced.[2]  As stated in the Court's
order authorizing service of Strike 3's subpoena, once Strike 3 learns Doe's identity, it cannot rely
on a bare allegation that he is the registered subscriber of an IP address associated with infringing
activity to state a plausible claim for direct or contributory copyright infringement.  *See* Dkt. No. 9
(citing *Cobbler Nevada*, 901 F.3d at 1144).  However, *Cobbler Nevada* does not bar early
discovery by means of a subpoena to an ISP for a subscriber's identity, which is precisely what
Strike 3 seeks here.  *See Strike 3 Holdings, LLC v. Doe*, No. 19-cv-00723 (JCS), 2019 WL
2996428, at *3 (N.D. Cal. July 9, 2019) (citing cases); *see also Strike 3 Holdings, LLC v. Doe*, No.
4:19-cv-08231-KAW, 2020 WL 1942471, at *2 (N.D. Cal. Apr. 22, 2020) ("To the extent that
Defendant believes that Plaintiff will be unable to prove its case, that argument is premature, as
Plaintiff is only trying to ascertain the defendant subscriber's identity, which was explicitly
permitted in *Cobbler Nevada*.").

---

[2] Moreover, Strike 3 points out that it purposely omits the titles of the allegedly infringed movies from its complaint due to the adult nature of its content and to protect Doe's privacy interests.  *See* Dkt. No. 1 ¶ 43; Dkt. No. 12 at 1, 6.  Strike 3 says that had Doe conferred prior to bringing the present motion, Strike 3 could have provided him with the titles of the works listed in Exhibit A appended to the complaint.  Nor does Doe refute Strike 3's assertion that titles of the works at issue can be obtained free of charge from the U.S. Copyright Office's website.  *See* Dkt. No. 12 at 6.

1  IV.   **CONCLUSION**

2  Based on the foregoing, Doe's motion to quash Strike 3's subpoena to Comcast is denied.

3  **IT IS SO ORDERED.**

4  Dated: April 15, 2024

Virginia K. DeMarchi
United States Magistrate Judge